COMMONWEALTH *vs.* JAMES J. BARNES.

Middlesex.   Nov. 23, 1885. — Jan. 7, 1886.   DEVENS & GARDNER, JJ., absent.

If a person is licensed to sell intoxicating liquors "in the front room and rear room" on a certain floor of a building, and is not required by the licensing board to remove the partition between the two rooms, that partition is not within the provisions of the Pub. Sts. *c.* 100, § 12, and the St. of 1882, *c.* 259, § 1, although it may obstruct the view of the interior of one or the other of such rooms from the public street.

COMPLAINT to the Second District Court of Eastern Middlesex for keeping and maintaining a common nuisance, to wit, a certain tenement in Watertown, used for the illegal sale and illegal keeping of intoxicating liquors, on June 4, 1884, and on divers other days and times between that day and July 19, 1884. Trial in the Superior Court, before *Pitman,* J., who allowed a bill of exceptions, in substance as follows :

The selectmen of Watertown, on June 6, 1884, duly granted to the defendant a license of the first class, under the Pub. Sts. *c.* 100, " to sell or expose or keep for sale until May 1st, 1885, spirituous or intoxicating liquors to be drunk on the premises, to wit, in the front room and rear room on the first floor contiguous to street."

There was no evidence that the license had at any time been declared void, forfeited, or revoked by the selectmen, or by any court or tribunal.

The licensed building was a one story wooden structure, on the northerly side of Main Street, in the business portion of the

town, quite close to the line of the public sidewalk, with a frontage on the street of about eighteen feet and a depth of about twenty-eight feet, and contained but two rooms, the front and rear rooms referred to in the license. There was a partition, made of matched boards, between the two rooms, which ran parallel with the street, giving a depth of about twelve feet to the front room, and which had two permanent openings, of the ordinary doorway height from the floor upward, one two feet eight inches wide, the other two feet ten inches wide; they were about six or seven feet apart, were unprovided with doors, and had never in any way been screened. There was no evidence whether the partition was a part of the original construction of the building or not, but it had existed before and ever since the defendant occupied the premises (a period of more than ten years) precisely the same as it was during the time covered by the complaint. There was, on the side of the building fronting the street, a large glass window extending downward nearly to the ground, directly opposite one of the openings in the partition, which furnished to the public a complete view of the interior of the front room and the business done there, and a view of portions of the rear room through both of said openings; and this window was unprovided with any curtain, shutters, or blinds, and had never been screened. The place where the liquors were kept was at all times within the view afforded by this window.

After the defendant applied for a license, and before he obtained it, the premises were examined by a police officer sent by the selectmen to inspect them; and the selectmen never requested the defendant to remove the partition between the front and rear rooms, or any partition.

The defendant kept liquors for sale on the premises.

The defendant asked the judge to rule as follows: "1. On the evidence, the defendant cannot be convicted of the offence charged, until his license has been declared void, forfeited, or revoked by the selectmen, or until proceedings, other than in connection with the present complaint, before some competent court or tribunal have been instituted, involving its forfeiture or revocation. 2. The said partition, which was known to the selectmen when they issued the license, is not, upon the evidence, a partition the maintenance of which constitutes a

violation and forfeiture of his license, and deprives the defendant of all protection under it. 3. The defendant cannot be convicted of the offence charged, upon proof merely that, in connection with carrying on the liquor business under his license, the said partition was maintained, if the selectmen never requested or required him to remove this partition, or any partition. 4. Nor, under the circumstances stated in the third ruling requested, if the selectmen never voted to request or require him to remove said partition, or any partition."

The judge refused to give these rulings, but instructed the jury that the defendant might be convicted of the offence charged, upon evidence that he kept on the premises intoxicating liquors for sale while he was violating the condition of his license relating to screens or other obstructions; that, under such circumstances, his license was no protection to him; that the partition between the front and rear rooms was a partition or obstruction which was prohibited by law, and made his license void and no protection to the defendant against the offence charged, if it obstructed a view from the public street of any substantial portion of the rear room, or of any business that might be done there; and that the law required that there should be left such a substantial view of the whole interior of the premises as to enable the public to see the whole course of business that might be transacted there.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. J. Sullivan*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, (*E. J. Sherman*, Attorney General, with him,) for the Commonwealth.

HOLMES, J. We are of opinion, that, when a man is expressly licensed to sell intoxicating liquors " in the front room and rear room " of a certain floor of a building, and is not required by the licensing board to remove the partition between the two rooms, that partition is not within the provisions of the Pub. Sts. c. 100, § 12, and the St. of 1882, c. 259, § 1, although it may obstruct the view of the interior of one or the other of such rooms from the public street.

By the Pub. Sts. c. 100, § 6, the notice of application is to designate " the building or part of a building to be used." By

§ 9, fifth, the license shall specify " the room or rooms in which such liquors shall be sold or kept by a common victualler. No person licensed as aforesaid, and not licensed as an innholder, shall keep, sell, or deliver any such liquors in any room or part of a building not specified in his license as aforesaid." This language plainly imports that a license may be granted to sell liquors, not only in one room, but in more than one. If in one room alone, that room may be any room in the building, so far as any direct expression of the statute goes. If more than one are licensed, they must be separated by a partition, which may and probably will interfere with a view of the interior of one of them. As the statute seems to us to contemplate these possibilities, and to leave them to the discretion of the licensing board, we cannot read the provision, that the board shall require the licensee to remove any obstruction which may interfere with a view of the interior of the licensed premises, as limiting their power to license, or as requiring that all licensed premises shall be, or be turned into, front rooms on the lower story, any more than as requiring that the whole front of the building shall be of glass. We think that a license might be granted to use a room on the second floor, or a back room, or a room lighted only by a skylight. *A fortiori*, we are of opinion that the prohibition against the licensee maintaining any partition " upon any premises used by him for the sale " does not apply to leaving *in statu quo* the walls of the several premises contemplated by the license as remaining distinct.                    *Exceptions sustained.*\*

---

\* Similar decisions were made on the same day, in Middlesex, in the cases of

COMMONWEALTH *vs.* JAMES J. FLANNERY ;

SAME *vs.* MICHAEL MCGRATH;

SAME *vs.* EDWARD DONAHUE, JR.;

and

SAME *vs.* ISRAEL SANSVILLE.

*J. B. Goodrich*, for Flannery.

*J. J. Sullivan*, for McGrath.

*W. B. Gale & J. W. McDonald*, for Donahue and Sansville.

*H. N. Shepard*, Assistant Attorney General, (*E. J. Sherman*, Attorney General, with him,) for the Commonwealth.

BY THE COURT. These cases are governed by *Commonwealth* v. *Barnes, ante*, 447.                    *Exceptions sustained.*